IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARRY E. SHELLEY,
    Plaintiff,
    v.    Case No. 3:04-cv-02-MBC-KAP
PSP TROOPER TERRY M. WILSON and
PSP TROOPER JEFFREY BROCK,
    Defendants

## Report and Recommendation

### Recommendation

Plaintiff is an inmate at S.C.I. Houtzdale who filed a civil rights complaint in January 2004, alleging that defendants Wilson and Brock, Pennsylvania State Police troopers, violated his rights when they arrested him in January 2002. Defendants move to dismiss the complaint. docket no. 32. The motion to dismiss should be granted.

### Report

As noted, plaintiff filed a complaint almost two years after he was arrested by the defendants, alleging that defendants had violated his rights by arresting him in January 2002 and by committing perjury at his trial in November 2002. At petitioner's trial in November 2002, petitioner was convicted by a jury of stalking and harassment and acquitted of making terroristic threats. I screened the complaint under 28 U.S.C.§ 1915A and recommended dismissing the complaint because the perjury allegations failed to state a claim, see Briscoe v. LaHue, 460 U.S. 325 (1983), and because the claims based on the arrest were not ripe because plaintiff had actually been convicted of some of the

offenses charged and had not secured the invalidation of that conviction, and this was incompatible with plaintiff proving the lack of probable cause necessary to either a malicious prosecution claim or false arrest claim. See Heck v. Humphrey, 512 U.S. 477, 487 (1994).

The Court of Appeals affirmed the dismissal of the claims based on alleged perjury by the defendants and the claims based on allegations of malicious prosecution for stalking and harassment, but vacated the dismissal of the complaint, holding that Heck did not rule out the possibility that, despite being convicted, plaintiff might have been arrested without probable cause. Further, the appellate panel observed, plaintiff had alleged four of the five elements of a claim for malicious prosecution on the charge of terroristic threats and should have been given leave to amend his complaint to allege the fifth, and that plaintiff had sufficiently alleged claims for false arrest by stating that he had been arrested without probable cause. docket no. 17-2, Shelley v. Wilson, No. 05-1907, slip opinion at 1-5 (3d Cir. October 14, 2005).

On remand, plaintiff declined to amend his complaint (the history is recounted in docket no. 19 through docket no. 26) and after being served with the complaint the defendants moved to dismiss the false arrest claim, asserting the defense of qualified immunity as well as plaintiff's failure to state a claim. docket

2

no. 32. Plaintiff has responded, docket no. 35, and asserts: 1) he has the absolute right to use the public road and therefore his arrest (and presumably any evidentiary use of the testimony that plaintiff repeatedly drove past Stein's residence) was illegal; 2) there were criminal charges alleged against him by Stein on previous occasions in 1998 which were dismissed; 3) Stein had stalked plaintiff in 1998 and the police had not done anything about it; 4) Wilson falsely arrested plaintiff in 1998; 5) the evidence allegedly contained on videotape taken of plaintiff harassing Stein was excluded from trial; 6) Wilson arrested plaintiff in 1997 even though the Henrys who attacked plaintiff and his father should have been arrested; and 7) at plaintiff's trial in November 2002, Trooper Pelc testified that he had not seen plaintiff driving near Stein's residence.

The facts are not in dispute. On January 25, 2002, defendant Wilson filed a complaint with a district justice in Somerset County, charging plaintiff with violating 18 Pa.C.S.§ 2706 (terroristic threats), 18 Pa.C.S.§ 2709(b)(1)(stalking with intent to place in fear of bodily harm) and (b)(2)(stalking with intent to cause emotional distress) and 18 Pa.C.S.§ 2709(a)(3) (harassment). The affidavit filed with the complaint alleged that plaintiff committed these offenses by repeatedly driving near the residence of Teresa Stein (described in the Pennsylvania Superior Court as a bed and breakfast neighboring plaintiff's property) in

the afternoon and evening of January 6, 2002, stopping, and screaming obscenities and threats. Stein told troopers that this had happened before, and she dropped off a videotape she said she had made of plaintiff's actions from the driver's seat of his vehicle. The defendants conducted surveillance from inside the victim's residence on January 11, 2002 and January 12, 2002, and witnessed plaintiff driving past the victim's residence and on one occasion stopping to tell the victim she didn't deserve to live. Additional evidence was presented at trial and additional details are contained in the opinion filed by the Pennsylvania Superior Court. Commonwealth v. Shelley, No. 423 WDA 2003 slip op. at 1-5 (Pa.Super. May 6, 2004).

The district justice issued an arrest warrant on the complaint, and the defendants arrested the plaintiff on January 29, 2002. On April 18, 2002, the district justice held a preliminary hearing and bound all the charges over for court. Plaintiff's jury trial before a visiting judge took place on November 6 and 7, 2002; plaintiff was acquitted on the terroristic threats charges and the stalking (intent to place in fear) charges, and convicted on the stalking (intent to cause emotional distress) charges and one harassment charge. On January 28, 2003, plaintiff was sentenced to an aggregate term of imprisonment of 2 1/4 - 6 1/4 years. The Pennsylvania Superior Court affirmed the conviction and sentence on May 6, 2004. Commonwealth v. Shelley, No. 423 WDA 2003

(Pa.Super. May 6, 2004). The Pennsylvania Supreme Court denied review on October 1, 2004. Commonwealth v. Shelley, No. 302 WAL 2004 (Pa. October 1, 2004). The plaintiff then filed a petition attacking his conviction under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S.§ 9541 et seq., and a petition for a writ of habeas corpus. This court dismissed the federal petition without prejudice, Shelley v. Patrick, 03:05-cv-293-MBC-KAP; the dismissal of the PCRA petition is on appeal before the Pennsylvania Superior Court. Commonwealth v. Shelley, No. 540 WDA 2008 (Pa.Super.)

A false arrest claim requires allegation that defendants arrested plaintiff without probable cause. (Because lack of probable cause is an element of malicious prosecution too, the discussion as to false arrest applies as well to any malicious prosecution claim plaintiff might have made.) Where that arrest is based on a warrant issued by a magistrate, to overcome the defense of qualified immunity there must be the further allegation that the application for the warrant was so lacking in indicia of probable cause that belief in its adequacy as basis for arrest was unreasonable. See Malley v. Briggs, 475 U.S. 335, 344-45 (1986). Probable cause exists for an arrest when the arresting officer has information supporting an objectively reasonable belief that a crime for which an arrest can be made has, with "fair probability,"

5

been committed by the defendant. Wilson v. Russo, 212 F.3d 781, 789-90 (3d Cir.2000).

Further, when probable cause to arrest exists as to one offense in the complaint, a plaintiff cannot maintain a claim of false arrest or malicious prosecution on the grounds that another charge in the complaint was not supported by probable cause, nor on the grounds that the plaintiff was eventually acquitted on one or more (or all) charges. The Third Circuit, shortly before remanding this case, so held in Wright v. City of Philadelphia, 409 F.3d 595, 602 (3d Cir.2005):

> [T]he constitutional validity of the arrest does not depend on whether the suspect actually committed any crime. Johnson v. Campbell, 332 F.3d 199, 211 (3d Cir.2003). Importantly for this case, it is irrelevant to the probable cause analysis what crime a suspect is eventually charged with, Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir.1994) ("Probable cause need only exist as to any offense that could be charged under the circumstances."), or whether a person is later acquitted of the crime for which she or he was arrested, [Michigan v.] DeFillippo, 443 U.S. [31] at 36, 99 S.Ct. 2627 [1979]; see also Devenpeck [v. Alford], [543 U.S. 146, 153] 125 S.Ct. at 594 [2004] ("The rule that the offense establishing probable cause must be 'closely related' to, and based on the same conduct as, the offense identified by the arresting officer at the time of arrest is inconsistent with [ ] precedent.")

It is not sufficient for plaintiff to allege, in the face of the issuance of a complaint by a neutral and detached magistrate, the holding of the charges for court after a preliminary hearing, and a conviction by a jury, that there was no probable cause. Plaintiff alleges his belief that he is innocent, had the right to use the public roads in any manner he chose, that Stein was at least guilty of the same crimes against him but was

6

favored by the troopers, and that the troopers (or at least Wilson) had falsely arrested plaintiff four years earlier. None of this negates probable cause to arrest on the complaint issued on January 25, 2002, or even alleges any fact inconsistent with the existence of probable cause. The issuance by a neutral and detached magistrate of an arrest warrant as to all of the charges against plaintiff in the complaint is sufficient to defeat any false arrest (and malicious prosecution) claim. The further judicial finding at the preliminary hearing that probable cause existed as to all of the charges is sufficient to defeat any false arrest (and malicious prosecution) claim. The jury verdict of guilt on the stalking charges is sufficient to defeat any false arrest (and malicious prosecution) claim.

The complaint against plaintiff was based on eyewitness testimony made by the alleged victim, Stein, corroborated by the defendants' own observations. It more than ample to defeat a claim of false arrest. It is metaphysically possible that Stein and the two troopers completely fabricated their evidence; as the appellate panel previously held, hypothetically, a plaintiff might allege a false arrest claim not barred by Heck even while his conviction stands. Nevertheless, on the facts alleged by plaintiff, Heck would preclude any false arrest (or malicious prosecution) claim at this time, and Malley v. Briggs and Wright v. City of Philadelphia preclude any claim at any time.

7

The complaint should be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: November 13, 2008

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Barry Shelley   FL-5014
S.C.I. Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000